60 CCPA

**Application of Megumi TASHIRO et al.**
**Patent Appeal No. 8790.**

United States Court of Customs
and Patent Appeals.

Dec. 29, 1972.

Joseph A. DeGrandi, Washington, D. C., attorney of record, for appellants; Francis C. Browne, Andrew B. Beveridge, Dayton R. Stemple, Jr., Robert G. Weilacher, Washington, D. C., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; Raymond E. Martin, Washington, D. C., Henry W. Tarring, II, Falls Church, Va., of counsel.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

LANE, Judge.

This appeal is from the decision of the Board of Appeals affirming the rejection of claims 1, 2, 5, 6, and 9–17, all of the claims remaining in appellants' application,[1] as unpatentable under 35 U.S. C. § 103. The board also sustained the examiner's rejection of claims 16 and 17 under 35 U.S.C. § 112. Although appellants assigned error in the board's affirmance of the latter rejection, they do not press the issue before the court. In any event, we agree with the board's conclusions on the § 103 issue and affirm on that basis thereby rendering consideration of the § 112 issue unnecessary.

The claims are directed to a thermally crystallizable glass composition, the

1. Serial No. 416,892 filed December 8, 1964.

method of thermally converting the composition to a crystalline ceramic article, and the shaped article so produced. The composition may be described as an $Na_2O$ (sodium monoxide)–$Al_2O_3$ (alumina)–$SiO_2$ (silica)–$BaO$ (baria) system (sodium glass system) which includes $TiO_2$ (titania) and $ZrO_2$ (zirconia) as nucleating agents, i. e., crystallization-promoting materials. The proportions of each constituent are set forth in the claims. The controversy centers principally about the obviousness of utilizing a mixture of titania and zirconia in the defined proportions as nucleating agents in the claimed sodium glass system.

Claim 1 is illustrative of the composition claims on appeal and reads as follows:

1. A thermally crystallizable glass having a composition consisting essentially of

a) a base glass formulation of which more than 95 percent by weight consists of the following components present in the following weight percentages:

| | |
|---|---|
| $SiO_2$ | 45–57 |
| $Al_2O_3$ | 29–38 |
| $Na_2O$ | 13–22 |

and b) the following components present in the following weight percentages, based on said $SiO_2 + Al_2 + Na_2O$ as being 100% by weight:

| | |
|---|---|
| $BaO$ | 2–14 |
| $TiO_2$ | 1–3 |
| $ZrO_2$ | 1–4 |

It is to be noted that appellants calculate the baria, titania and zirconia proportions on the basis of 100% $SiO_2 + Al_2O_3 + Na_2O$. Since in the prior art discussed below computation of component proportions assumes that 100% equals the sum of the contributions of all components, adjustments must be made to place the disclosures on a comparative ground.

Claim 2 depends from claim 1 and indicates the presence of at least one other oxide in the base glass formulation recited in the first claim. Claim 16 defines narrower ranges for the constituents of the overall composition and includes optional oxides.

Claims 10 through 15 set forth, with varying specificity, the method of crystallizing and shaping the glass composition defined in claim 1. Claims 5, 6 and 17 are drawn to shaped crystalline articles formed from the compositions of claims 1, 2 and 16 respectively, and claim 9 specifies the bending strength of the article of claim 17.

The rejection was based upon MacDowell [2] in view of Tashiro et al. (Tashiro) [3] and Meyer.[4] References of record upon which appellants rely in asserting nonobviousness are Kivlighn,[5] Stookey,[6] and Megles.[7]

MacDowell discloses a thermally crystallizable glass composition comprising 10–20% $Na_2O$, 28–38% $Al_2O_3$, 30–55% $SiO_2$, and 1–20% $BaO$, and in which 5–12% $TiO_2$ is used as nucleating agent. The board found that the composition used in MacDowell's Run No. 1, Table I, contained about 16.6% $Na_2O$, 33.6% $Al_2O_3$, 49.7% $SiO_2$, and 4.1% $BaO$ when the proportions are adjusted to appellants' basis of calculation. The $Na_2O$, $Al_2O_3$, $SiO_2$ and $BaO$ proportions fall within the ranges claimed by appellants, and MacDowell therefore discloses appellants' basic sodium monoxide-alumina-silica-baria system.

2. U.S. Patent No. 3,201,266 issued August 17, 1965, on an application filed July 23, 1962.

3. U.S. Patent No. 3,282,712 issued November 1, 1966, on an application filed October 3, 1962.

4. German Patent No. 1,099,135 published February 9, 1961, an English translation of which is of record.

5. U.S. Patent No. 3,146,114 issued August 25, 1964.

6. U.S. Patent No. 2,920,971 issued January 12, 1960.

7. U.S. Patent No. 3,313,609 issued April 11, 1967, on an application filed June 18, 1963.

The claimed subject matter differs from MacDowell in that the $TiO_2$ and $ZrO_2$ are used as nucleating agents rather than $TiO_2$ alone. The board agreed with the examiner, however, that the substitution of the combination of nucleating agents in the claimed proportions for $TiO_2$ alone would have been obvious from Tashiro and Meyer.

Tashiro discloses a crystallizable lithium glass system based on $SiO_2$, $Al_2O_3$ and $Li_2O$ (lithium monoxide). Whereas $TiO_2$ in a 3-7% range was previously believed necessary for nucleation, Tashiro found that 1-3% $TiO_2$ is suitable when used in conjunction with 1-4% $ZrO_2$. It is apparent that the end-points of the ranges would be slightly higher if computed on appellants' basis, but the overlap would be substantial. There is no argument that the proportions of $TiO_2$ and $ZrO_2$ disclosed in Tashiro are materially different from those claimed by appellants.

Meyer discloses that contrary to prior belief, $ZrO_2$ is a better nucleating agent for crystallizable glasses than $TiO_2$. The suggested proportion of $ZrO_2$ is 1-7%. Meyer teaches that up to 2% $TiO_2$ can be used with the zirconia. The only specific glass systems disclosed in Meyer are lithium glasses.

The board reasoned that both Tashiro and Meyer provide the suggestion for the substitution of a combination of zirconia and titania for titania in MacDowell. Appellants disagree noting especially that both Meyer and Tashiro are directed to nucleating agents for lithium glasses rather than the sodium glasses of MacDowell and the present invention. Appellants also contend that other prior art of record tends to teach away from the proposed substitution and that the claimed proportions of zirconia and titania are not suggested by the references.

## OPINION

We think the substitution of zirconia and titania for titania in MacDowell would have been prima facie obvious from Meyer and Tashiro. While as a general proposition secondary glass constituents may not always be expected to behave comparably in sodium and lithium glass systems, cf. In re Mochel, 470 F.2d 638, Patent Appeal No. 8768, decided December 29, 1972, in the present case, both Tashiro and Meyer teach the use of a combination of $ZrO_2$ and $TiO_2$ as nucleating agents for the crystallization of thermally crystallizable glass systems. That is the same use of $TiO_2$ as that disclosed in MacDowell. Tashiro especially suggests a prima facie equivalence of lithium and sodium glasses with respect to nucleation in disclosing that previously $TiO_2$ was employed as the sole nucleating agent for lithium glasses. That disclosure comports with the MacDowell teaching of titania as the sole nucleating agent for sodium glasses. The improvement taught by Tashiro to flow from the addition of zirconia and accompanying reduction in the proportion of titania would be expected to follow as well with sodium glasses. Meyer reinforces this expectation. Although the examples in Meyer are limited to lithium glasses, the disclosure is broadly drawn to crystallizable glasses in general.

We fail to see how the disclosures of the Kivlighn, Megles, and Stookey patents disturb the assumption upon which the prima facie case of obviousness is founded. Appellants contend that Kivlighn teaches away from the use of $TiO_2$ as the sole nucleant for sodium glasses and that Stookey is to the same effect in teaching against the incorporation of large amounts of $Na_2O$ when using $TiO_2$ as the nucleating agent. Megles, on the other hand, does use titania to nucleate sodium glasses, but appellants characterize Megles as an exception to the general rule established by Kivlighn and Stookey and point to Megles' critically narrow range of base glass system constituents.[8] MacDowell, presumably, is another exception.

8. The solicitor contends that Megles cannot be relied upon to show nonobviousness since issued subsequent to appellants' filing date, but could be relied upon to show

To the extent that Kivlighn and Stookey define a general proposition in the art to the effect that $TiO_2$ is undesirable as a sole nucleating agent for sodium glasses, those two references would seem to support the obviousness of utilizing titania in conjunction with zirconia in lieu of titania alone.

In view of the Megles and MacDowell teachings, however, a general rule is suspect. Apparently some workers in the art were convinced of the suitability of $TiO_2$ alone. Appellants argue that both MacDowell and Megles find such suitability only because of the narrow and critical range of glass system components. If appellants are correct in their assessment of the Megles and MacDowell disclosures, then obviousness is strengthened rather than weakened since Tashiro and Meyer teach that the disadvantages attendant the use of titania alone can be overcome by the addition of zirconia. We conclude that whether the art recognized that titania could be used by itself in some cases or should not be used alone, Tashiro and Meyer suggest, in either case, the use of the combination of zirconia and titania in lieu of titania.

Appellants finally argue that the claimed proportions of $TiO_2$ and $ZrO_2$ would not have been obvious from the references relied upon. Appellants point out that the MacDowell proportion of titania is much higher than that presently claimed. However, we agree with the solicitor that the tenor of Tashiro and Meyer is that when utilizing the combination of zirconia and titania, the proportion of titania is reduced. A fairer comparison would be between (1) the total quantity of titania and zirconia components disclosed in Tashiro and Meyer and (2) the quantity of titania used by MacDowell.

Tashiro discloses 1–3% $TiO_2$ with 1–4% $ZrO_2$, or 2–7% total nucleant, and Meyer discloses 1–7% $ZrO_2$ with up to 2% $TiO_2$, or 1–9% total nucleant. These figures do compare with the 5–12% range for $TiO_2$ disclosed by MacDowell. Thus, the use of the Tashiro and Meyer ranges in the MacDowell composition would be obvious, and since the claimed composition includes substantially the same proportions of $TiO_2$ and $ZrO_2$ as Tashiro, we agree that the proportions are not a basis for patentable distinction of the claimed subject matter.

Although appellants treat the method claims separately from the composition and article claims, their arguments are directed to the particulars of the composition rather than of the method. The same contentions are presented as were rejected above. Accordingly, we agree with the board's decision on the method claims as well.

The decision of the board is affirmed.

Affirmed.

obviousness based on the Megles filing date by virtue of 35 U.S.C. § 102(e). Since we do not find that Megles tends to prove nonobviousness, we need not resolve this issue.